**Michael Wayne EDENS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-76-949.**

Court of Criminal Appeals of Oklahoma.

June 16, 1977.

See also, Okl.Cr., 565 P.2d 51.

Michael L. Fought, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

The Appellant, Michael Wayne Edens, hereinafter referred to as defendant, plead guilty to the misdemeanor offense of Possession of Marijuana on the 6th day of

1. *Trantham v. State,* Okl.Cr., 508 P.2d 1104.

January, 1975, in the District Court, Washington County, Case No. CRM–75–22, and received a one (1) year suspended sentence. Defendant did not perfect a timely appeal by certiorari. On September 22, 1975, the District Attorney of Washington County filed an Application to Revoke the suspended sentence and an amended application was filed on the 30th day of September, 1975. Thereafter, on the 16th day of October, 1975, the defendant filed an application for post conviction relief and the same was dismissed on the 18th day of March, 1976. Although he gave notice of intent to appeal from the Order dismissing the post conviction appeal, no appeal was perfected therefrom and the Order of Dismissal became final and dispositive of the issues sought to be raised by Petitioner below.

In the Amended Application to Revoke the suspended sentence, filed September 30, 1975, the State alleged, in pertinent part:
"* * *
"4. On June 7, 1975, said Defendant committed the offense of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor.
* * *"

The Amended Application for Hearing to Revoke Suspension of Sentence filed June 15, 1976, provided, in pertinent part:
"1. That on June 7, 1975, said Defendant committed the offense of Driving and Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor, and pled guilty to said offense on October 17, 1975.
* * *"

Thereafter, a hearing was held on September 13, 1976, at which time the defendant appeared by Mr. Michael L. Fought and the State appeared by Mr. Bruce A. Peabody, Assistant District Attorney. During said hearing the following stipulation was made, at pages 8 and 9:
"MR. PEABODY: . . . Your Honor, we would, at this time, offer what has been marked State's Exhibit Four and examined by Mr. Fought, attorney for the defendant, which is the State's copy of a judgment and sentence on plea of

guilty, misdemeanor, reflecting that on the 17th day of October, 1975, Michael Wayne Edens appeared before the Court with his attorney, Mr. Michael Fought, having been charged with the offense of driving and operating a motor vehicle while under the influence of intoxicating liquor; informed of his rights at that time; pled guilty to the charge of driving under the influence, and was sentenced by the Court to a term of fifteen days in Washington County Jail and a fine of fifty dollars and court costs of the action. This sentence to be executed on October 20th, 1975. We would offer this, your Honor, as evidence in support of State's first allegation in the amended application.
"THE COURT: Objection?
"MR. FOUGHT: No objection, your Honor.
"THE COURT: May be admitted. . ."

The Judgment and Sentence to which counsel stipulated, provides, as follows:
"Now, on this 17th day of October, 1975, the same being a judicial day of said court, . . . and said cause coming on for judgment, and the defendant, MICHAEL WAYNE EDENS, being personally present in open court, and with his attorney, Michael Fought and having been legally charged with the offense of DRIVING AND OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR and having been duly informed of the nature of the charge and having been duly arraigned thereon, and having duly and properly entered his plea of guilty to the crime of DRIVING AND OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR and having been fully advised of his rights and the effect of such plea; and the defendant having been asked by the court whether he has any legal cause to show why judgment and sentence should not be pronounced against him, and he stating no sufficient cause why judgment and sentence should

not be pronounced against the defendant, and none appearing to the court, it is the judgment of the court that said defendant is guilty of the crime of DRIVING AND OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR. "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the said MICHAEL WAYNE EDENS be committed to the custody of the Sheriff of WASHINGTON County for a term of fifteen (15) days for the crime of DRIVING AND OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR said term, etc. of sentence to begin at and from the delivery of the defendant to the Sheriff of WASHINGTON County, Oklahoma; and that said defendant pay a fine of $50.00 and the cost of this prosecution, taxed at $———, for which judgment is hereby rendered against the defendant; and thereupon the defendant is by the court notified of his right of appeal.

\* \* \* This sentence to be executed on October 20, 1975."

No appeal from this Judgment and Sentence was ever perfected to this Court and the records of Washington County indicate that the Judgment and Sentence has been satisfied.

At the conclusion of the hearing the trial court made the following statements:

"THE COURT: No, I'm interested in the period between January the 6th, 1975, and January the 6th, 1976, and whether or not he violated any rule and condition of his probation that he signed on January the 6th, 1975. . . .

\* \* \* \* \* \*

"THE COURT: All right, the amended application for hearing to revoke suspension of sentence of January 6th, 1975, is revoked. To which the defendant is allowed an exception."

From the Order revoking the suspended sentence, the defendant has perfected this appeal.

■ There are several assignments of error, including an attempt to collaterally attack the Judgment and Sentence rendered in Case No. CRM–75–22, but as heretofore stated, when the defendant failed to perfect a regular appeal and thereafter failed to perfect a timely appeal in the manner prescribed by law from the Dismissal of the application for post conviction relief, the Judgment and Sentence became final and he waived his right to collaterally attack its validity in these proceedings.

■ The assignments of error relating to the competency of the evidence tending to support other grounds for revocation could not, if true, vitiate the validity of the trial court's action, for it affirmatively appears that the defendant violated the terms and conditions of his suspended sentence in the manner as set forth in the State's Amended Application to Revoke, paragraph 4, supra, and the second Amended Application, paragraph 1, supra. Counsel for defense did not object to the introduction of the Judgment and Sentence, nor offer any evidence to counteract the fact that the defendant freely and voluntarily entered a plea of guilty to the charge of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, while represented by said counsel, and we must, therefore, conclude that the evidence amply supports the trial court's revocation of the suspended sentence and that this appeal is a frivolous one.

For all of the above and foregoing reasons, the revocation of the suspended sentence is AFFIRMED, and the Clerk of this Court is directed to issue the Mandate FORTHWITH.

BLISS and BRETT, JJ., concur.